McFarland, J.,
delivered the opinion of the court.
This action is by Seth B. Settle against his sister, who is the administratrix with the will annexed of their mother, to recover for supplies and money furnished to the mother in her lifetime.
The plaintiff fled his petition for a discharge under the Bankrupt Act on the 80th of July, 1867.
Part of the supplies, &c., were furnished previously to this time, and as to these, it was held by the Circuit Judge that the plaintiff could not recover,— his right to this part of the consideration for the supplies having passed to his assignee; but the jury were instructed that a recovery might be had upon so much of the claim as arose after the filing of his petition in bankruptcy.
*662 The plaintiff’s case in chief consisted of a will dated .the 16th of July, 1866, and a codicil thereto dated the 11th of July, 1868, both proved to have been signed by Mrs. Settle, the testatrix.
This will provided, among other things, that at the death of her two daughters, Louisa and Mary, her property was to be equally divided among all her children or heirs.
The codicil contains this clause: “Whereas I am indebted to my son, S. B. Settle, in about the sum of seven hundred dollars, for supplies, I desire him paid before the division of the property among my heirs as directed in my will, he being now present and agreeing to wait for payment until that time.”
The plaintiff then read a will dated the 16th of January, 1869, revoking the foregoing.
This latter will, as we infer, was proved after the death of the testatrix, though there is no direct evidence of this fact.
The plaintiff upon this rested his case.
In the rebutting testimony, an attempt was made to show what part of the supplies and money was furnished previously to the bankruptcy and what part afterward; but the testimony on this point is very indefinite, and it is doubtful whether the evidence supports the verdict rendered.
The court, among other things, said to the jury: “If the paper read as the codicil to the will of Elizabeth Settle containing the statement of indebtedness read to you, was signed by Elizabeth Settle, then the court is of opinion that the plaintiff, if entitled to *663 recover at a]], would be entitled to recover interest on so much of the sum of $700 stated to be due as had been received by Elizabeth Settle after the filing of the plaintiff’s petition in bankruptcy, and before the execution of said paper.”
The jury returned a verdict of $350 principal and $123.25 interest, for the plaintiff, and the court gave judgment for this, and overruled a motion for a new trial.
We are of opinion that the above portion of his Honor’s charge is erroneous.
Section 1945 of the Code enacts that “all .bills single, bonds, notes, bills of exchange, and liquidated and settled accounts signed by the debtor, shall bear interest from the time they become due, unless it is expressed that the interest is not to accrue until a. specific time therein mentioned”: but the will relied upon as the acknowledgment of the debt, is «neither a bill single, bond, note, bill of exchange, or settled and liquidated account signed by the debtor.
If it had never been revoked, but had been proved as the will of the testatrix, the $700 debt would not,, by the terms of the will itself, have borne interest from the time the debt accrued, — as a future specified time was fixed for the payment.
At any rate, after this paper was revoked as a will, and its legal effect . entirely abrogated and destroyed, we think it could not still have the effect of a note or settled account between the parties, so as to bear interest.
*664 It might be taken as written evidence of the fact that the debt then existed, but nothing more.
Interest was a matter of discretion with the jury. For this error, the judgment will be reversed.